# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., *ex rel.* NARESHA MOORE and BEATA DAMAVANDI,<br><br>Plaintiffs,<br><br>v.<br><br>REGENERON PHARMACEUTICALS, INC., REGENERON HEALTHCARE SOLUTIONS, INC. and SANOFI AVENTIS US, LLC,<br><br>Defendants. | Case No. 2:18-CV-09368-JWH-MRW<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER**<br><br>(MRW VERSION 4/19)<br><br>☐ Check if submitted without material modifications to MRW form |

1. **INTRODUCTION**

    1.1    <u>Purposes and Limitations</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    <u>Good Cause Statement</u>

This False Claims Act action alleges that Defendants violated the Anti-Kickback Statute by providing speaker payments, event sponsorship, and prior authorization support to healthcare providers and their staff in order to induce prescriptions of the subject drugs. Accordingly, this action is likely to involve discovery of information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information is expected to consist of, among other things, health records, employment records, personal identifying information, confidential business and financial information, trade secrets, customer lists, information regarding confidential business practices, other confidential and proprietary research, development, or commercial information (including information implicating privacy rights of third parties), and information otherwise generally

unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

The Parties do not presently anticipate a need for a two-tiered protective order providing additional protections for highly confidential materials beyond those set forth herein. The Parties each reserve the right, however, to seek a subsequent modification to this Order to provide for such protections, if warranted based on the scope of discovery ultimately ordered in this Action.

2. **DEFINITIONS**

   2.1   Action: the above captioned pending federal lawsuit.

   2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

   2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  "CONFIDENTIAL" Information includes Confidential Health Information, as further defined herein.

2.4 <u>Confidential Health Information</u>: any Disclosure or Discovery Material that includes, pursuant to 45 C.F.R. § 164.512(e)(1), "protected health information" and "individually identifiable health information" as such terms are defined in 45 C.F.R. § 160.103 in the General Administrative Requirements promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended. Confidential Health Information also includes any materials subject to the provisions of any other applicable federal law, including but not limited to the Privacy Act, 5 U.S.C. § 552a, or the privacy laws of any individual states as applicable.

2.5 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have

appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise

5

in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those materials, documents, items, or oral or written communications, or portions thereof, that qualify so that other material, documents, items, or communications, or portions thereof, for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) and 5.2(d) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

1  protection under this Order must be clearly so designated before the material is
2  disclosed or produced.
3      Designation in conformity with this Order requires:
4      (a)  for information in documentary form (e.g., paper or electronic documents,
5  but excluding transcripts of depositions or other pretrial or trial proceedings), that the
6  Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter
7  "CONFIDENTIAL legend"), to each page that contains protected material.
8        A Party or Non-Party that makes original documents available for
9  inspection need not designate them for protection until after the inspecting Party has
10 indicated which documents it would like copied and produced. During the inspection
11 and before the designation, all of the material made available for inspection will be
12 deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents
13 it wants copied and produced, the Producing Party must determine which documents,
14 or portions thereof, qualify for protection under this Order. Then, before producing
15 the specified documents, the Producing Party must affix the "CONFIDENTIAL
16 legend" to each page that contains Protected Material.
17     (b)  whenever a deposition taken on behalf of any party involves the disclosure
18 of Confidential Information or Confidential Health Information of any party, the
19 deposition or portions of the deposition must be designated as "CONFIDENTIAL" as
20 appropriate, subject to the provisions of this Order.  Such designation should be made
21 on the record whenever possible, but a party will have until thirty (30) days after
22 receipt of the final deposition transcript to inform the other Party or Parties of the
23 portions of the transcript to be designated "CONFIDENTIAL"; during the intervening
24 period, the Parties shall provisionally treat the transcript in its entirety as
25 "CONFIDENTIAL."
26     (c)  for information produced in some form other than documentary and for any
27 other tangible items, that the Producing Party affix in a prominent place on the exterior
28 of the container or containers in which the information is stored the legend

"CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

(d) With respect to information produced or disclosed by a Non-Party, the Non-Party or a Party may designate the information as "CONFIDENTIAL" pursuant to this Order. A Party designating material produced by a Non-Party as "CONFIDENTIAL" shall notify the other Party within thirty (30) days of receipt of such document or information that the same, or portions thereof, constitute or contain Confidential Information. Until the expiration of the 30 days, such document or information produced or disclosed by any such Non-Party shall be treated as confidential under this Order. The 30-day time period may be modified, accelerated, or extended by agreement, or by informal application to the Court, which shall reasonably be granted.

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose Protected Material, including Confidential Health Information, pertaining to this Action to those persons designated herein.  This Order does not limit or control the use of Confidential Health Information pertaining to this Action that comes into the possession of the Parties or their Counsel from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.  Nothing in this Order authorizes the Parties or their Counsel to obtain medical records or other information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided, unless otherwise agreed by the Designating Party or ordered by the court: (1) the witness and the witness's attorneys (other than Counsel to the Parties) sign the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential information after the conclusion of the deposition.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

In the case of persons provided access to Protected Material pursuant to Sections 7.2(c), (f), or (h) of this Order, the Receiving Party shall provide to the Producing Party a copy of the signed "Acknowledgement and Agreement to Be Bound" (Exhibit A) for each such person promptly following execution.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

11.1 The production of privileged or work-product protected documents, electronically stored information or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.2 When a Producing Party gives notice to Receiving Parties that any inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Parties must promptly return, sequester, or destroy the specified information and any copies they have in their possession; must not use or disclose the information; and must take reasonable steps to retrieve the information if they disclosed such information before being notified.

12. MISCELLANEOUS

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this

1  provision, Counsel are entitled to retain an archival copy of all pleadings, motion
2  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
3  deposition and trial exhibits, expert reports, attorney work product, and consultant
4  and expert work product, even if such materials contain Protected Material.  Any such
5  archival copies that contain or constitute Protected Material remain subject to this
6  Protective Order as set forth in Section 4 (DURATION).

7        14.   Any willful violation of this Order may be punished by civil or criminal
8  contempt proceedings, financial or evidentiary sanctions, reference to disciplinary
9  authorities, or other appropriate action at the discretion of the Court.

11        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13  Dated:  June 17, 2024      By:  /s/ *John P. Bueker*
14                                    John P. Bueker

15  **REED SMITH LLP**
16  Mildred Segura (State Bar No. 210850)
   Jarrad L. Wood (State Bar No. 310688)
17  355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90071
18  Telephone: +1.213.457.8003
19  Facsimile: +1.213.457.8080

20
21  **ROPES & GRAY LLP**
   John P. Bueker (*admitted Pro Hac Vice*)
22  john.bueker@ropesgray.com
   Prudential Tower, 800 Boylston St.
23  Boston, MA 02199
   Telephone: +1.617.951.7000
24  Facsimile: +1.617.951.7050

25
26  Laura G. Hoey (*admitted Pro Hac Vice*)
   laura.hoey@ropesgray.com
27  191 North Wacker Drive, 32nd Floor
   Chicago, IL 60606
28

|    |                       |                                                                 |
|----|-----------------------|-----------------------------------------------------------------|
| 1  |                       | Telephone: +1.312.845.1200                                      |
|    |                       | Facsimile: +1.312.845.5500                                      |
| 2  |                       |                                                                 |
| 3  |                       | Amy Jane Longo (State Bar No. 198304)                           |
|    |                       | amy.longo@ropesgray.com                                         |
| 4  |                       | Mark S. Gaioni (State Bar No. 339118)                           |
| 5  |                       | mark.gaioni@ropesgray.com                                       |
|    |                       | 10250 Constellation Blvd.                                       |
| 6  |                       | Los Angeles, CA 94111                                           |
| 7  |                       | Telephone: +1 310.975.3300                                      |
|    |                       | Facsimile: +1 310.975.3400                                      |
| 8  |                       |                                                                 |
| 9  |                       | *Attorneys for Defendants Regeneron*                            |
| 10 |                       | *Pharmaceuticals, Inc., and Regeneron*                          |
|    |                       | *Healthcare Solutions, Inc.*                                    |
| 11 |                       |                                                                 |
| 12 | Dated: June 17, 2024  | By: /s/ *Celine E. Cutter*                                      |
| 13 |                       | Celine E. Cutter                                                |
| 14 |                       | **CUTTER LAW P.C.**                                             |
| 15 |                       | Celine E. Cutter (CA Bar No. 312622)                            |
|    |                       | C. Brooks Cutter (CA Bar No. 121407)                            |
| 16 |                       | 401 Watt Ave.                                                   |
| 17 |                       | Sacramento, CA 95864                                            |
|    |                       | Telephone: (916) 290-9400                                       |
| 18 |                       | Email: ccutter@cutterlaw.com                                    |
| 19 |                       |                                                                 |
| 20 |                       | **TYCKO & ZAVAREEI LLP**                                        |
|    |                       | Eva Gunasekera (pro hac vice)                                   |
| 21 |                       | Renée Brooker (pro hac vice)                                    |
| 22 |                       | 2000 Pennsylvania Avenue NW                                     |
|    |                       | Suite 1010                                                      |
| 23 |                       | Washington, DC 20006                                            |
| 24 |                       | Telephone: (202) 973-0900                                       |
|    |                       | Email: eva@tzlegal.com                                          |
| 25 |                       | reneebrooker@tzlegal.com                                        |
| 26 |                       |                                                                 |
|    |                       | **THE LAW OFFICE OF**                                           |
| 27 |                       | **MYCHAL WILSON**                                               |
| 28 |                       | Mychal Wilson (CA Bar No. 236189)                               |
|    |                       | 401 Wilshire Blvd., 12th Floor                                  |

|   |   |
|---|---|
| 1 | Santa Monica, CA 90401 |
| 2 | Telephone: (424) 252-4232 |
|   | Email: mychal@mychalwilsonesq.com |
| 3 |   |
|   | *Counsel for Plaintiff-Relators* |
| 4 |   |

8  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

10  Dated: June 17, 2024                    /s/ Judge Wilner

    HON. MICHAEL R. WILNER
12  United States Magistrate Judge

17

**LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I, John P. Bueker, attest that all signatories identified above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: June 17, 2024                    By:    */s/ John P. Bueker*
                                                John P. Bueker

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of United States of America, *et al.*, *ex rel.* Naresha Moore and Beata Damavandi vs. Regeneron Pharmaceuticals, Inc., Regeneron Healthcare Solutions, Inc. and Sanofi Aventis US, LLC, Case No. 2:18-CV-09368-JWH-MRW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____